UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN K. GRELLE             :
    Plaintiff/Counterclaim Defendant,   :
                               :  Case No. 1:07CV00766 (RJL/AK)
v.                          :
                               :
NATIONAL UNION FIRE INSURANCE   :
COMPANY OF PITTSBURGH, PA   :
    Defendant/Counterclaim Plaintiff   :

## ANSWER TO COUNTERCLAIM

Plaintiff / Counterclaim Defendant John Grelle ("Grelle") by and through his undersigned counsel, Eric J. Pelletier, Timoth C. Lynch and Offit Kurman, P.A. file this Answer to the Counterclaim and state:

1. Grelle admits that National Union has filed a Counterclaim but denies the allegations of it as stated more fuly herein, and denies the balance of paragraph 1.

2. Grelle admits the allegations of paragraph 2.

3. Grelle admits the allegations of paragraph 3.

4. Grelle admits the allegations of paragraph 4.

5. Grelle admits the allegations of paragraph 5.

6. Grelle admits the allegations of paragraph 6.

7. Grelle lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 7.

8. Grelle denies the allegations contained in paragraph 8.

9. Grelle admits that Mr. Carabillo filed a Complaint as allege in paragrah 9 and further avers that it speaks for itself.

10. Grelle admits that an Answer and Counterclaim were filed on October 17, 2003 and (later amended), avers that these documents speak for themselves and denies the characterizations of those documents as stated in paragraph 10.

11. Grelle admits the allegations of paragraph 11.

12. Grelle admits that in a letter dated April 30, 2007, National Union denied him coverage under the policies identified in paragraph 12 of the counterclaim, but denies that the denials were proper, and denies that the exclusions or endorsements relied upon for those denials were applicable. Grelle further asserts that the letter in question speaks for itself.

13. Grelle admits that in a letter dated April 30, 2007, National Union denied him coverage under the policies identified in paragraph 13 of the counterclaim, but denies that the denials were proper, and denies that the exclusions relied upon for those denials were applicable. Grelle further asserts that the letter in question speaks for itself.

14. Grelle admits that in a letter dated April 30, 2007, National Union denied him coverage, but denies that the denials were proper, and denies that the exclusions relied upon for those denials were applicable as alleged in paragraph 14. Grelle further asserts that the letter in question speaks for itself.

15. Grelle admits the allegations of paragraph 15.

16. Grelle admits the allegations of the first sentence of paragraph 16, and admits that coverage was also denied to him by a letter dated December 14, 2004. Grelle denies that the denials were proper, or that the exclusions or endoresements relied upon for those denials were applicable.

17. Grelle admits that via December 14, 2004 letter, National Union granted him partial (50%) coverage under a reservation of rights described in paragraph 17 of the Counterclaim, but denies that the reservation of rights was proper, or that the exclusions and endorsements relied upon for denying him full coverage were applicable. Grelle lacks sufficient knowledge to admit or deny the balance of the allegations of paragraph 17.

18. Grelle admits the allegations of paragraph 18 except that he lacks sufficient knowledge to admit or deny that the parties named in Carabillo II were "related entities."

19. Grelle admits the allegations of paragraph 19.

20. Grelle denies that the Carabillo II Counterclaim was evaluated for coverage under the 2003 fiduciary policy as claimed in paragraph 20, but admits that it was evaluated under the 2001 fiduciary policy.

21. Grelle admits that National Union granted him coverage under the 2001 policy, but denies the balance of paragraph 21.

22. Grelle admits the allegations of paragraph 22.

23. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 23.

24. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 24.

25. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 25.

26. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 26.

27. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 27.

28. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 28.

29. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 29.

30. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 30.

31. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 31.

32. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 32.

33. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 33.

34. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 34.

35. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 35.

36. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 36.

37. Grelle lacks sufficient information to either admit or deny the allegations of paragraph 37

38. Grelle admits the allegations of paragraph 38.

39. Grelle admits the allegations of paragraph 39, but denies that the retention applies universally to all insureds as this paragraph asserts.

40. Grelle admits the allegations of paragraph 40.

41. Grelle admits the allegations of paragraph 41.

42. Grelle denies the allegations of paragraph 42, because Section 9 is applicable to limited situations, and is not universally applicable.

43. Grelle admits the allegations of paragraph 43.

44. Grelle admits that the 2002 fiduciary policy provides $5,000,000 in coverage for all loss in the aggregate, including defense costs, and admits that this policy carries a $50,000 retention amount, but denies the balance of paragraph 44.

45. Grelle admits the allegations of paragraph 45.

46. Grelle admits the allegations of paragraph 46.

47. Grelle admits that the 2003 fiduciary policy provides $5,000,000 in coverage for all loss in the aggregate, including defense costs, and admits that this policy carries a $250,000 retention amount, but denies the balance of paragraph 48.

48. Grelle admits the allegations of paragraph 48, but denies that Exclusion 5(d) is applicable.

49. Grelle admits that Endorsement 12 to the 2003 fiduciary policy includes exclusions pertaining to certain Department of Labor subpoenas, but otherwise denies the allegations of paragraph 49, and denies that the Endorsement is applicable.

## COUNTERCLAIM I

50. Grelle incorporates herein by reference the responses he has given to paragraphs 1-49 of the counterclaim, as stated above.

51. Grelle admits the allegations of paragraph 51.

52. Grelle admits the allegations of paragraph 52.

53. Grelle denies the allegations of paragraph 53.

54. Grelle denies the allegations of paragraph 54, and its subparts.

55. Grelle denies the allegations of paragraph 55, but admits that he claims that he is entitled to coverage under the policies identified in this paragraph.

56. Grelle denies the allegations of paragraph 56.

57. Grelle admits the allegations of paragraph 57.

58. Grelle denies the allegations of paragraph 58.

## COUNTERCLAIM II

59. Grelle incorporates herein by reference the responses he has given to paragraphs 1-58 of the counterclaim, as stated above.

60. Grelle admits the allegations of paragraph 60.

61. Grelle admits the that he claims to be entitled to coverage, but denies the balance of paragraph 61.

62. Grelle admits the allegations of paragraph 62, except that he avers that National Union is providing a defense under a reservation of rights.

63. Grelle admits that there has been no final adjudication, settlement or resolution of the underlying action claims against him, but denies the balance of the allegations of paragraph 63.

64. Grelle admits the allegations of paragraph 64.

65. Grelle denies the allegations of paragraph 65.

## COUNTERCLAIM III

66. Grelle incorporates herein by reference the responses he has given to paragraphs 1-65 of the counterclaim, as stated above.

67. Grelle denies that National Union owes him no coverage under the 2002 fiduciary policy, and further asserts that he lacks sufficient knowledge or information to admit or deny the allegations of paragraph 67 inasmuch as the term "DOL Investigation" is not defined in the Counterclaim.

68. Grelle denies that exclusion 5 (d) applies as alleged by paragraph 68, but admits that he claims to be entitled to a defense and indemnity under the 2002 fiduciary policy.

69. Grelle admits the allegations of paragraph 69.

70. Grelle denies the allegations of paragraph 70.

## COUNTERCLAIM IV

71. Grelle incorporates herein by reference the responses he has given to paragraphs 1-71 of the counterclaim, as stated above.

72. Grelle admits that Endorsement 12 to the 2003 fiduciary policy includes exclusions pertaining to certain Department of Labor subpoenas, but otherwise denies the allegations of paragraph 72.

73. Grelle denies that Endorsement 12 applies as alleged by paragraph 73, but admits that he claims to be entitled to a defense and indemnity under the 2003 fiduciary policy.

74. Grelle denies the allegations of paragraph 74.

75. Grelle denies the allegations of paragraph 75.

76. Grelle admits the allegations of paragraph 76.

77. Grelle denies the allegations of paragraph 77.

78. All allegations made in the Counterclaim that have not been expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of waiver

### SECOND AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of laches

### THIRD AFFIRMATIVE DEFENSE

The counterclaims are barred by estoppel

### FOURTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the doctrine of unclean hands

### FIFTH AFFIRMATIVE DEFENSE

The counterclaims are barred by the res judicata and/or collateral estoppel

**SIXTH AFFIRMATIVE DEFENSE**

The counterclaims are barred by National Union's anticipatory repudication of one or more of the policy for which Grelle claims coverage because of the assertion of baseless exclusions such as the insured versus insured exclusion.

WHEREFORE, John Grelle respectfully requests that this Honorable Court enter an order:

(a) Dismissing the Counterclaim entirely and with prejudice;

(b) Awarding him his attorney's fees and costs in this action; and,

(c) Granting him such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFIT KURMAN, P.A.

By: _____/s/_____
Eric Pelletier, Unified Bar – 454794
8171 Maple Lawn Boulevard,
Suite 200
Fulton, Maryland 20759
(301) 575-0339
(301) 575-0335 (f)
epelletier@offitkurman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2007 I served a copy of the foregoing Answer to Counterclaim, electronically, via ecf filing, upon

> David J. Farber (DFarber@PattonBoggs.com)
> Shannon W. Conway (sconway@pattonboggs.com
> 2550 M Street, N.W.
> Washington, D.C. 20037
> Telephone: (202) 457-6000
> Facsimile: (202) 457-6315
> *Counsel for Defendant/Counterclaim Plaintiff National Union Fire Insurance Company of Pittsburgh, PA*

/s/
Eric Pelletier
